## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH C. COLLINS, | : | Civil No. 1:21-CV-00240 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LYNN D. HOLSINGER and | : | |
| EAGLE EXPRESS LINES, INC., | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are Defendants Lynn D. Holsinger ("Holsinger") and Eagle Express Lines, Inc.'s ("EEL") (collectively, "Defendants") motion to dismiss and strike the punitive damages claims pursuant to Rules 12(b)(6) and (f) of the Federal Rules of Civil Procedure.  (Doc. 12.)  Alternatively, Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  (*Id.*)  The court finds that it would be premature and inappropriate to dismiss the punitive damages claims.  The court also finds that Plaintiff, Kenneth C. Collins ("Collins") sufficiently pleaded enough facts to survive the motions to strike and for a more definite statement.  For the reasons that follow, the motion is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action was brought by Collins to recover damages resulting from a motor vehicle accident involving the collision of Holsinger's tractor trailer and Collins's vehicle.  According to the allegations in the complaint, on Friday, March

1, 2019, around 5:04 a.m., Collins was driving Southbound on Interstate 81 ("I-81") in the right lane when Holsinger passed Collins in the left lane, lost control of his tractor trailer, traveled into the median and back onto the road, and hit Collins' vehicle, forcing Collins off the road.  (Doc. 1, ¶¶ 14–15.)  At this time, the roads were purportedly covered in snow, and there was no illumination from street or highway lights.  (*Id.* ¶ 16.)

The complaint alleges that Holsinger failed to appreciate the conditions of the road and was traveling at an unsafe speed when he passed Collins' vehicle and lost control.  (*Id.* ¶ 17.)  As a result of this collision, Collins purportedly suffered painful and severe injuries, including: "neck pain, left shoulder pain, left rotator cuff tear, and slap lesion requiring surgical repair, causing Collins to incur past, present, and future pain and suffering and loss of life's pleasures."  (*Id.* ¶ 23.) Because of these injuries, Collins was "forced to incur liability for medical treatment, medications, hospitalization, and similar miscellaneous expenses, all in an effort to restore himself to health."  (*Id.* ¶ 24.)   The complaint alleges that because of the nature of his injuries, Collins has been advised that he may be forced to incur medical expenses in the future and has suffered and will continue to suffer lost earnings and earning capacity.  (*Id.* ¶¶ 25–26.)

Collins filed a complaint against Defendants on February 2, 2021, alleging claims for negligence against both Defendants and vicarious liability against EEL.

(Doc. 1.)  On April 15, 2021, Defendants filed the instant motion to dismiss,

asserting that Collins' claims for punitive damages fail to state a claim under

Federal Rules of Civil Procedure 12(b)(6).  (Doc. 12, ¶ 1.)  Defendants also moved

to strike certain portions of the complaint under Rule 12(f), and for a more definite

statement under Rule 12(e).  (*Id.* ¶¶ 2–3.)  On April 29, 2021, Defendants filed

their brief in support.  (Doc. 14.)  On May 12, 2021, Collins filed his brief in

opposition.  (Doc. 15.)  No reply brief was filed.  Thus, this motion is ripe for

review.

### JURISDICTION AND VENUE

This court has jurisdiction under 28 U.S.C. § 1332 as the parties have

complete diversity and the amount in controversy exceeds $75,000.  Further, venue

is appropriate pursuant to 28 U.S.C. § 1391 because the events detailed in the

complaint occurred within the Middle District of Pennsylvania.

### STANDARDS OF REVIEW

**A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### B.  Motion to Strike Under Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  This rule is "designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update).  To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law.  *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted).  They also "may not serve as an avenue to procure the dismissal of all or part of a complaint."  *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), vacated in part on reconsideration, 2014 WL 3735631 (3d Cir. July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530–31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken.  *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019).  Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f).  "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question."  *Id.* (citation omitted).  And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court."  *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

5

### C. Motion for a More Definite Statement Under Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  A Rule 12(e) motion must "point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e); *see also Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).  These motions "are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading."  *Smith v. Miller*, No. 1:09-CV-1176, 2010 WL 2196428, at *2 (M.D. Pa. May 26, 2010) (Conner, J.) (quoting *Synagro—WWT, Inc. v. Rush Twp.*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2003)).  If the complaint satisfies the "Rule 8(a) threshold requirement, a motion for a more definite statement will fail."  *Kasteleba v. Judge*, No. 3:05-CV-1739, 2006 WL 1094544, at *3 (M.D. Pa. Apr. 24, 2006).

### DISCUSSION

In this case, Defendants argue that Collins' claims for punitive damages should be dismissed because Collins has not plead a facially plausible claim for punitive damages against either Defendant.  (Doc. 12, ¶ 1.)  Defendants also argue that all allegations of "recklessly indifferent," "reckless," "willful," and/or "wanton" conduct in paragraphs 20, 22 28, 30, 32, 34, and in subparagraph 22(d),

and all allegations that Defendants acted "knowingly," "deliberately," "consciously," and/or with "conscious disregard," in paragraph 39 and subparagraph 34(b) should be stricken as immaterial.  (*Id.* ¶ 2.)  Lastly, Defendants argue that the "but are not limited to" language in paragraph 23 should be stricken. (*Id.* ¶ 3.)  The court will address each argument in turn.

### A. Defendants' Motion to Dismiss Collins' Punitive Damages Claims will be Denied.

Defendants argue that Collins' claims for punitive damage should be dismissed under Rule 12(b)(6) because Collins failed to plead "something more than negligence" as required by Pennsylvania courts.  (Doc. 15, p. 11.)[1]  In contrast, Collins argues he adequately plead recklessness.  (Doc. 16, p. 6.)

In Pennsylvania, punitive damages are available as a remedy in negligence actions where "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."  *See Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 772–73 (Pa. 2005).[2]  This remedy is only available "in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."  *Id.* at 770.  Courts frequently deny defendants' motions to dismiss punitive damages claims in motor vehicle

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] Because the accident occurred in Pennsylvania, the court applies Pennsylvania law.

accident cases at the outset of litigation. *See Alexander v. W. Express*, No. 1:19-CV-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019), report and recommendation adopted, No. 1:19-CV-1456, 2019 WL 6327688 (M.D. Pa. Nov. 26, 2019). Further, courts have generally deemed these motions to dismiss as premature and inappropriate where the complaint alleges reckless conduct. *See, e.g.*, *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020) ("As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct.").

In the present case, Collins alleges recklessness, which generally renders dismissal inappropriate. (Doc. 1, ¶¶ 29–30, 32, 34.) Further, because an individual's state of mind usually determines an award of punitive damages, it would be premature to dismiss a punitive damages claim at the outset of litigation. *See Harvell*, 2020 WL 6947693 at *8 ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial.") (citing *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015)). Therefore, Defendants' motion to dismiss the punitive damages claims will be denied.

**B. Defendants' Motion to Strike the Allegations of Recklessness will be Denied.**

Defendants also contend that any reference to "recklessly indifferent," "reckless," "willful," and/or "wanton" conduct as well as any allegations that Defendants acted "knowingly," "deliberately," "consciously," and/or with "conscious disregard" must be stricken because those terms are immaterial without a punitive damages claim.  (Doc 14, pp. 13–14.)  Contrary to Defendants' contentions, Collins argues that he has adequately pleaded recklessness, and if Collins can establish the recklessness of Defendants, then a comparative negligence defense, if asserted, would fail.  (Doc. 16, pp. 7–8.)

A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439, 445 (Pa. 2005).  In the present case, Collins alleges that Holsinger failed to, *inter alia*, control his vehicle to be able to stop, remain alert and maintain proper distance, and drive his vehicle in light of the existing traffic and highway conditions, of which he was or should have been aware.  (Doc. 1, ¶¶ 22(a)–(c).)  Collins also alleges that Holsinger drove in a reckless manner that endangered people and property, and drove with careless disregard of the rights and safety of others. (Doc. 1, ¶ 22(d).)  Furthermore, Collins alleges that EEL failed to adequately train, supervise, educate and manage Holsinger, and entrusted

its vehicle to a driver who it knew or should have known would likely conduct himself in a manner that would create unreasonable risk of harm to others.  (Doc. 1, ¶ 34(a)–(b).)  These allegations are not "immaterial," but rather may be sufficient to allege reckless behavior of Holsinger and EEL.  Therefore, the court will deny the motion to strike the paragraphs and subparagraphs alleging recklessness.

### C. Defendants' Motion for a More Definite Statement or to Strike will be Denied.

Defendants contend that paragraph 23 of the complaint regarding Collins' injuries contains vague and ambiguous "but are not limited to" language that fails to meet the specificity requirements under Rule 8 of the Federal Rules of Civil Procedure and should be stricken.  (Doc. 15, p. 14.)  Meanwhile, Collins asserts that discovery can reveal the exact nature of the injures and that Collins has adequately alleged personal injury because Defendants need not speculate what injuries were suffered.  (Doc. 16, pp. 8–9.)  The disputed paragraph of Collins' complaint asserts: "Plaintiff Collins sustained painful and severe injuries which include, but are not limited to, neck pain, left shoulder pain, let rotator cuff tear, ad slap lesion requiring surgical repair causing Plaintiff Collins to incur past, present and future and suffering and loss of life's pleasures."  (Doc. 1, ¶ 23.)

The court reiterates that Rule 12(e) motions are "generally disfavored," and these motions are "reserved for the 'rare case' where the unintelligibility or

ambiguity of a complaint prevents a defendant from being 'able to frame a responsive pleading.'" *Youells v. Dzakpasu*, No. 3:19-CV-633, 2019 WL 3046300, at *8 (M.D. Pa. June 24, 2019), report and recommendation adopted, No. 3:19-CV-633, 2019 WL 3063530 (M.D. Pa. July 11, 2019) (citing *Horse Soldier, LLP v.* Tharpe, No. 1:13-CV-2892, 2014 WL 5312823, at *3 (M.D. Pa. Oct. 17, 2014) (citing *Wadhwa v. Sec'y, Dep't of Veterans Affairs*, 505 F. App'x 209, 214 (3d Cir. 2012). Additionally, the court notes that "[a] motion for a more definite statement is not a substitute for the discovery process." *Alexander v. W. Express*, No. 1:19-CV-1456, 2019 WL 6339907, at *10 (M.D. Pa. Oct. 18, 2019), report and recommendation adopted, No. 1:19-CV-1456, 2019 WL 6327688 (M.D. Pa. Nov. 26, 2019) (quoting *Wheeler v. United States Postal Serv.*, 120 F.R.D. 487, 488 (M.D. Pa. 1987).

The court agrees with Collins that he pleaded sufficient context regarding the alleged injuries, and discovery will reveal the exact nature of these injuries. Paragraph 23 of the complaint is not so vague, ambiguous, or unintelligible that Defendants cannot form a responsive pleading. The "but are not limited to" language merely indicates that the nature of the injuries may be greater once discovery occurs. *Id.* at *11 ("Likewise, paragraph 20 merely indicates that the scope of the defendants' potential liability may be larger once discovery is undertaken within a limited universe of claims."). If Defendants wish to seek

11

additional information regarding Collins' personal injury allegations, they may do so through discovery.  Furthermore, this paragraph does not appear to be "immaterial, impertinent, or scandalous" as required to sustain a motion to strike under Rule 12(f).  Thus, the court will deny Defendants' motion for a more definite statement and the alternative motion to strike.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, strike, and for a more definite statement will be denied.  (Doc. 12).  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 19, 2021